IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| vs. | * | Criminal No. 04-20081-Ml V |
| BILLY THOMAS PHILLIPS, | * | |
| Defendant. | * | |

## PRELIMINARY ORDER OF FORFEITURE

In Indictment Number 04-20081-Ml V, the United States sought forfeiture of specific property of defendant Billy Thomas Phillips, pursuant to 18 U.S.C. §§ 2251 and 2252. On February 22, 2005, the defendant, Billy Thomas Phillips, entered a plea of guilty to Counts 2, 3, 4 and additionally agreed to forfeit to the United States all his right, title and interest in all property set forth in the "Forfeiture Allegations" section of Count 7 of the Indictment. Accordingly, it is **ORDERED**:

1.  Based upon the defendant's guilty plea to Counts 2, 3, 4 and agreement to forfeit to the United States all his right, title and interest in all property set forth in the "Forfeiture Allegations" section of Count 7 of the Indictment Number 04-20081-Ml V, the United States is authorized to seize the following property belonging to defendant Billy Thomas Phillips, and his interest in it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. §853(n) and Rule 32(d)(2) of the Federal Rules of Criminal Procedure:

    a.  Any visual depiction described in Section 2252 of Title 18 United

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on _8-29-05_



States Code, and any book, magazine, periodical, firm, videotape, and other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of the above said statute;

    b.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the above said offenses; and

    c.    Any property, real or personal, used or intended to be used to commit or to promote the commission of the above said offenses, including but not limited to the following:

1) One (1) Maxell Mini CR-R 210mb;

2) HIVAL Multimedia Solutions CD-Recordable Disk;

3) Compaq Presario Laptop Computer, serial number V2AKSBZ5303;

4) Generic Clone Computer with Gold Phillips CD-ROM & Creative Live Drive;

5) Packard Bell Desktop Computer, serial number, N368022180;

6) Generic Clone Computer, SN D87508B63.

All pursuant to Title 18, United States Code, Section 2253.

2. The forfeited property is to be held by the United States Marshal in his secure custody, or, as may be necessary, the Attorney General may appoint a substitute custodian.

3. Pursuant to 21 U.S.C. §853(n)(1), the United States Marshal shall publish at least once a week for three successive weeks in a newspaper of general circulation in Shelby County, Tennessee, notice of this order, notice of the United States' intent to

dispose of the property in such manner as the Attorney General or his delegate may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States Marshal or his delegate may use the attached Legal Notice.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

5. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. §853(n)(2), which is incorporated by 18U.S.C. §982(b) and 28 U.S.C. §2461(c), for the filing of third party petitions.

3

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this __29__ day of __August__, 2005.

JON P. McCALLA
United States District Judge

PRESENTED BY:

TERRELL L. HARRIS
United States Attorney

By:

CHRISTOPHER E. COTTEN
Assistant United States Attorney

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| vs. | * | Criminal No. 04-20081-MI V |
| BILLY THOMAS PHILLIPS, | * | |
| Defendant. | * | |

## LEGAL NOTICE

Take notice that on Aug. 29, 2005, the United States District Court for the Western District of Tennessee, Western Division, entered a Preliminary Order of Forfeiture ordering that all right, title and interest of the defendant Billy Thomas Phillips in the following property be forfeited to the United States to be disposed of in accordance with law:

    a.    Any visual depiction described in Section 2252 of Title 18 United States Code, and any book, magazine, periodical, firm, videotape, and other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of the above said statute;

    b.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the above said offenses; and

    c.    Any property, real or personal, used or intended to be used to commit or to

promote the commission of the above said offenses, including but not limited to the following:

1) One (1) Maxell Mini CR-R 210mb;
2) HIVAL Multimedia Solutions CD-Recordable Disk;
3) Compaq Presario Laptop Computer, serial number V2AKSBZ5303;
4) Generic Clone Computer with Gold Phillips CD-ROM & Creative Live Drive;
5) Packard Bell Desktop Computer, serial number, N368022180;
6) Generic Clone Computer, SN D87508B63.

All pursuant to Title 18, United States Code, Section 2253.

The United States intends to dispose of this property in such matter as the Attorney General or his delegate may direct. Any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of this notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and relief sought.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 133 in case 2:04-CR-20081 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

---

Christopher E. Cotten
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Eugene A. Laurenzi
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Dan Newsom
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT